[Civ. No. 5421. First Appellate District, Division One.—January 5, 1926.]

YNOSENCIA MARTINEZ DUARTE, etc., et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE—RIGHT TO COMPENSATION—FINDINGS—EVIDENCE—CERTIORARI.—In this proceeding in *certiorari* to review the findings and award of the Industrial Accident Commission denying compensation for death, there is sufficient evidence in the record to support the findings of the commission that there was a want of sufficient evidence to establish that death was proximately caused by any injury occurring in the course of employment, or arising out of the same, or that the employee sustained any injury at all at the time asserted in connection with such employment.

(1) Workmen's Compensation Acts, **C. J.,** p. 115, n. 37, p. 122, n. 39, p. 123, n. 41.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission denying compensation for death. Award affirmed.

The facts are stated in the opinion of the court.

H. L. Bradford for Petitioners.

Warren H. Pillsbury and Chickering & Gregory for Respondents.

TYLER, P. J.—*Certiorari* to review the findings and award of the Industrial Accident Commission denying compensation for the death of one Ysaac Duarte, husband and father, respectively, of the petitioners.

The deceased was an employee of respondent American Smelting and Refining Company. [1] After rehearing, benefits were finally denied by the Commission upon the ground that there was a want of sufficient evidence to establish that death was proximately caused by any injury occurring in the course of employment, or arising out of the

---

1. See 27 **Cal. Jur.** 578.

same, or that the employee sustained any injury at all at the time asserted in connection with such employment.

In support of her claim for death benefits the widow of Duarte testified in substance that on the sixteenth day of October, 1924, her husband left their place of residence to attend to his daily labor for the American Smelting and Refining Company, whose smelting works then and now are located at the town of Crockett; that in the evening of said day and upon his return from work he complained to her that he had been injured in the course of his employment; the injury had occurred while he and a fellow-employee were attempting to lift a car loaded with metal that had been derailed for the purpose of replacing it upon the track; that they had used as a lever a pole in connection with their work which the other employee had let go of and in consequence the same had struck her husband on the chest and injured him. She further testified that she called in a physician who placed bandages on her husband's chest; that he was subsequently attended by other physicians, but his condition became worse and he died on the twenty-third day of October following. Dr. Fernandez, the physician first called to attend the deceased, testified that Duarte had informed him that he had been injured while at work and that he thought he might be suffering from a fractured rib and bandaged him accordingly. That deceased returned to his work for two days and then quit.

Petitioners also introduced certain hearsay testimony to the effect that the deceased and others had stated that Duarte had been injured while at work.

In addition thereto two Mexicans, Cesario Ruiz and Joe Villa, were produced as witnesses, and they testified to having witnessed the accident.

Ruiz, through an interpreter, stated in effect that on the day the alleged accident occurred he saw the deceased, together with an American, attempting to replace an ore car upon its track; that they were using a long pole as a lever and the American had let go his hold upon the car which resulted in throwing the weight upon the lever, causing it to fall back and strike deceased upon the chest. The testimony of Villa was to the same effect. This in substance constitutes the evidence relied on by the petitioners

to prove that an injury occurred in the course of employment.

As against this evidence it appears that the company was never advised of any injury until after the death of Duarte.

One Anderson employed by defendant company in connection with its personal and safety work testified that deceased never complained to him of having received any injury and he knew nothing concerning the same until the day that Duarte died. Charles Richards, a foreman, testified that the deceased had called for his pay and reported for duty on the eighteenth day of October after his alleged accident, but he was laid off for lack of work. He also testified that no complaint was made by Duarte of having been injured. Other testimony was to the effect that while deceased did complain of being sick he never claimed to have been injured. To disprove the testimony of Ruiz and Villa that they had witnessed the accident, the company introduced testimony to show that deceased had never worked with an American, except on rare occasions, and on the day when the alleged injury is claimed to have been suffered, the deceased was working in company with a Mexican named Rodriquez.

Petitioners claimed that deceased was injured on the morning of Thursday, October 16, 1924. Rodriquez testified that he had worked with the deceased on Thursday and the following Friday and Saturday pushing cars and carrying ore and that no accident had happened during that time and that he did not know nor had he ever heard of Ruiz. He also testified that deceased had complained of having hurt his chest and of feeling sick on the last day he worked with him, but did not claim that he had suffered any injury during his employment. To disprove the testimony of Ruiz that he and his fellow Mexican colaborer were working together at the time of the accident and had witnessed the same, several of the foremen of defendant company were examined and the time-cards of both Ruiz and Villa were introduced in evidence. The time-cards of Ruiz showed that his statement that he was working with Villa was untrue. Ruiz was proved by the testimony of a foreman and by the time-cards to have been working on the night shift from October 12th to the 28th. Villa's testimony to the effect that he was working with Ruiz on the day of the accident

was also disproved, as it was shown that he was working in an entirely different department and at different work than that to which he had testified.

On rehearing one Santiago Muro was produced as a witness on behalf of the petitioners. He testified that he was working for respondent company on the day of the accident, and after its happening as alleged Ruiz had told him that the deceased was injured. The time-card of this witness was also produced and it showed that on this day he was working on the night shift.

Under all these circumstances the Commission was justified in disregarding these various witnesses and in concluding that petitioners had failed to prove the happening of an accident.

Then, too, the medical testimony does not clearly show that death was caused by an injury.

An autopsy showed no fracture but did show that deceased was suffering from a complication of diseases. His liver was enlarged and his lungs were in a far advanced state of tuberculosis. His kidneys were badly diseased, one being filled with pus. The direct cause of death was a rupture of an aneurism of the aorta above its junction with the heart. Dr. Beard, the autopsy surgeon, gave as his opinion that the aneurism was of long standing, of at least two years' duration and was probably syphilitic, and considering the nature of the rupture, in his opinion, it must have produced instantaneous death as the entire pericardium was filled with blood.

The case as a whole presents questions of fact and weight of evidence. These were matters for the Commission to determine. There is ample evidence in the record to support its findings.

The award is affirmed.

Knight, J., and Cashin, J., concurred.